United States v. Mcintosh, case number 23-6571. Good morning, of course. Good to see you. Thank you. Thank you. Thank you, Michael. You always put it down for me. Okay. Thank you very much. Please proceed. Thank you, Your Honor. Okay. Donna R. Newman. May it please the Court. Learned Adversaries. I represent Louis McIntosh, who comes before this Court seeking from this Court to vacate the sentence that was imposed by the United States District Court in a term that included 17 years mandatory minimum for his 924C. We are not here to discuss that. What we are here to discuss and why we think that a remand is so necessary is the time, the 96 months, that he imposed on the non, what we'll call the non-924C counts. This case involved three robberies and involved 924Cs and 922Gs. And what is clear upon review of the record, particularly in light of the fact that this was a resentencing, so that we have what the Court said in the previous sentence, which was 2014. This was after a trial. So I think that's important to get the concept here. And then in 2023, he was resentenced as a result of various Supreme Court decisions that had to vacate various charges that he was originally convicted and sentenced under. So what is clear here upon review of the two sentences and the disparity between a sentence of 36 months on substantially the same non-924C counts and the 96th sentence here on the same counts. Is the judge allowed the sentencing judge to look at the net? Because that seems to be clear what the judge was doing here, right? He looked at the full panoply of offenses of conviction the first time around and the second time around and said, I think 25 years. I think X years. And to get there, I'm going to do that by doing 17 years plus 8 years this time. And is that, if the 3553A factors are addressed and support that, is that permissible? Well, that's a very difficult question because certainly they have to look at the overall offense conduct. But what we say and why it's important to understand that, it's not that they can't look at the overall sentence. It's they have to give significant reasons. But they have to give reasons for the sentence or for the difference. I think this is the first, and it's an interesting question. I don't know the answer to it. I think it's the first time I've heard the argument that you not only have to give an articulation of the reasons for the sentence, but on a resentencing, an articulation of the reasons not just of the change in the overall net sentence, but in the sentence imposed on particular counts. That's what you're asking the rule to be, right? We are saying, yes, I think the Court is correct, that there is a distinction here. But let me just put a little caveat here. I am not saying, and I think that's clear, that what he said in the second sentence actually supported the 96 months. No, no, I understand that you don't agree. But I'm in addition saying that one of the factors, when you find that the sentence, when the Court says this is actually reasonable, this is, you know, the same lingo that he uses to find the 96th sentence, that this is the same thing, and we have substantially the same conduct. Now, I will concede that in the second sentencing that there was a higher guideline with respect, because they considered the Cliff Street robbery. And just for clarity, yes. The counts of conviction were different. I'm sorry? The counts of conviction were different. That is true. And there's no question. However, that still does not explain the distinction here, because, Your Honor, in the first sentencing, he does consider it as part of the conspiracy, as well he could. You're saying that was wrong. The Cliff Street robbery. While he did, I think it was under Rule 29 that he said that this was insufficient evidence. But nonetheless, as part of the conspiracy, he did consider it. And that's the problem, Your Honor, that here we have, for example, and I bring this up as a perfect example of why it was both procedurally and substantive unreasonable sentence here. That is the 922G. The 922G, he not only gives four levels for each. It doesn't change the ultimate guidelines, though, right? It doesn't change the offense level and the net. I don't disagree with you that that is surprising to see a leadership role in a felon in possession. But does that affect the actual guidelines calculation given the grouping? Let me answer it this way. Yes, no, and yes. So to begin with, not only did the 922 the four levels, but he gives an upward variance in the judgment on the 922G. Because the guidelines, I think the high end of them for that was 76, 63 to 78 months. According to the guidelines with the four levels, he gives in the judgment without any explanation 96 months. So the question now to answer directly, Your Honor's question is that here when we have an upward variance without any explanation, because it doesn't affect the ultimate guideline, does that make it error? Yes, Your Honor, because the starting point and what you consider is important. We have Supreme Court cases, not only Second Circuit cases. You can't ignore that. And in his sentencing statements, what he explains, he considers this. He says, I think it's on A133, he says, I'm considering that he had all these guns. So it's not like he threw it out. And so while, and this is the government's main argument, well, it's harmless. It doesn't matter. Oh, yes, it does. Where you begin does. I see that my time is up, and I can continue, but I can wait until. You reserved some time. Yes, I did. Thank you. Mr. Kline. Thank you, Your Honors. Good morning. May it please the Court. Let me just start by addressing the point that Judge Merriam made as to looking at the net. I think that the record here is very clear that Judge Stein specifically was looking at the net. At McIntosh's original sentencing, Judge Stein said that his 36-month sentence on the non-Section 924C counts was sufficient, quote, having in mind the nature of the minimums on the 924C counts, and that's at Appendix 99. In any event, when he resentenced McIntosh, Judge Stein did so de novo and in a fundamentally different sentencing landscape. Given changes in the law, he was facing far less mandatory minimum time. It had gone down from 57 years to 17 years. But because a panel of this Court, including Judge Loyer, had reinstated McIntosh's attempted robbery conviction, his guidelines for the remaining non-924C counts were actually much higher. Specifically, when McIntosh was first sentenced in 2014, the guidelines range for his non-924C counts was 188 to 235 months. When he was resentenced nine years later in 2023, the range for the non-924C counts increased to 262 to 327 months. So the bottom end of the range increased by 74 months. In the face of that change, Judge Stein actually varied downwards more at the resentencing, not less, 166 months below the bottom of the range in 2023 versus 152 months below the bottom of the range in 2014. I'll note also that in imposing that sentence, Judge Stein did actually compare the sentence to the prior 2013 sentence, pointing out that it was less than half of what he was originally sentenced to. This Court has repeatedly made clear in its cases that district courts aren't required to encant any particular words of sentencing. This Court has also observed that it is difficult to find a within-guidelines sentence to be unreasonable. Here, given Judge Stein's extensive consideration of the 3553A factors, including the violence of McIntosh's crimes, his substantially below-guidelines sentence, we'd submit, is both procedurally and substantively reasonable. Can I ask you a practical question? I think of myself as understanding the guidelines pretty well, but the grouping here is, there's a lot. There's a lot of grouping going on. But is it the government's position, and I think Ms. Newman concedes this, but is this right, that in order to effect, and I understand the argument from the defendant that the end result offense level is not the only consideration. But in order to effect the final adjusted offense level, would we have to find that as to the Lindbrook robbery, Group 2, both the bodily injury and leader organizer enhancements increases were in error? That's exactly right, Your Honor. And the reason for it is, as you point out, it's a grouping issue. The highest offense level robbery was the Cliff Street attempted robbery, which came in at a 36. And that one's not challenged. That's unchallenged. Then the next one is the Lindbrook robbery, which came in at a 31, which is exactly five levels below the Cliff Street attempted robbery. And then the question becomes, should it be counted as a half unit or not, which adds one to the offense level. To the extent that there's no bodily injury enhancement, it would still be a half unit. To the extent that there was a two-point instead of a four-point leadership enhancement, there would still be a half unit. And so he would have to prevail on both of those claims. We need the net of five reduction by the three for bodily injury and reduction of two on leader organizer to get us into a new level. That's precisely correct, Your Honor. It would be more than nine levels different. It would become, I believe, exactly nine levels different. No, you're right. It would be 10 levels different. 10 levels. Correct, Your Honor. All right. Thank you. Thank you. Unless there are further questions, we'll otherwise rest on our submissions. Can I actually, as long as you're up here, let me ask you about the 922G leadership enhancement.  That, as I said to your opposing counsel, that surprises me. It feels like a very solitary crime. And I read the cases where, without really getting into it, we affirmed them. But they seem to be that the felon in possession conviction was based on really a conspiracy to obtain a firearm or something. It seems counterintuitive that when the felon in possession is sort of a classic felon in possession, just a person with a conviction has a gun, that you would have a leadership role in that. Understood, Your Honor. Some of those firearms were, in fact, used to facilitate the Hobbs Act robbery conspiracy that was at issue in this case. And so there is a connection. There's a connection, but is he leading in relation to the possession of the gun as opposed to in relation to the robbery? I know that it doesn't change the guidelines calculation. I think it's a factual question, Your Honor. I think that there is a basis to find it, given that connection. I'll note that this Court has repeatedly held, including recently in Capers and doesn't have any impact on the guidelines. The Court need not reach it on appeal.  Also, this was not raised below, and so even beyond that, it would be unfair. I mean, not only not raised below, there was, I think, almost an acknowledgement that there was some leadership role in the context of this enhancement, correct? And the question was the number of participants, but maybe I've got that wrong. That's correct, Your Honor. There was certainly an argument within the broader context of the robbery conspiracy that McIntosh was not functionally acting as a leader, and that argument has changed somewhat on appeal, that you're supposed to do a nose counting looking at each substantive count and seeing how many participants there were. But I think that this was not at all contested below. Thank you very much. Thank you, Your Honor. Thank you. Going to some of the questions and the government's response, the guns that were the 922G convictions were not directly associated with any crime. One gun was used, but the others were not, and so there is a distinction there. In the broader conspiracy, which I've conceded, when you talk about the broader conspiracy, yes, the guns were considered, but that's not necessarily a 922G, which is possession, you know, felon in possession. So I don't think the government's argument holds water. With respect to the guidelines, correct falling out, there's a difference here. First of all, I always emphasize, and I do this in the district court, one extra day in jail matters, and the Supreme Court notes that. And so it's not just, well, it's just a little bit higher, you know, and we do state in our briefs very clearly that we do think the four-level enhancement for Lindbrook and the bodily injury was wrong because, in fact, there's no testimony to support it. And the government's cases upon which they rely, the one case that had to do with this enhancement, had to do with, you know, evidence. Here, this witness took the stand. They could have asked. They didn't. Why didn't they ask? And how, what was your injury? Did you take an aspirin? Did you go to the pharmacy? Nothing. And so bodily injury, it's clear under the law. It looks not, looks at the injury, not what the action. So it's contrary to the law. The same thing with the leadership. It's not five or more otherwise extensive. We're not talking about the conspiracy here. Robbery, as you know, is separate. It's under the guidelines separate. And so we think that our arguments are very strong there. The government's arguments that it was harmless we really take exception to, not only because one day matters, but because it's not harmless. And the fact that the government now, that the court now says 96 months, does an upward variance without any explanation, and doesn't explain more than 96 as opposed to previously for the same overall offense conduct is sufficient and justified. Yes, there was violent crimes, but it was violent crimes before. Nothing changed. The crimes didn't change. All that changed here was Supreme Court decisions that took away some of the crimes that were previously used. And so we think that it cannot be harmless, Sarah, and that the government statement that it is, is just trying to avoid what should be that we need for appellate review. I'll just finish my last sentence. For appellate review that this court needs a better record to explain the actions that the court took. Thank you very much. I appreciate it. Thank you so much. We'll reserve the decision.